**In Re:  James TALLEY, Petitioner.**

No.  08–2569.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. Aug. 29, 2008.

Filed:  Sept. 22, 2008.

James Talley, Atlantic City, NJ, for James Talley, Firefighter.

Donnalee Vitale, Esq., Jasinski & Williams, Atlantic City, NJ, for John Bereheiko, Newly Appointed Chief Engineer, Mayor Atl. City, Benjamin Brenner, Newly Appointed Chief Engineer, City of Atlantic City, Newly Appointed Chief Engineer, Atl. Cty. Fire Dept., New Jersey, Laranzo Langford, Newly Appointed Chief Engineer, Eileen Lindinger, Newly Appointed Chief Engineer, Timothy Pinsky, Newly Appointed Chief Engineer, Steven Smoger, City Solicitor for the City of Atlantic City.

U.S. Atty. Phila., Office of United States Attorney, Philadelphia, PA, for Jerome B. Simandle.

Before: SCIRICA, Chief Judge,
ALDISERT and GARTH, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Pro se petitioner James Talley filed a petition for writ of mandamus in this Court on June 3, 2008. Although the petition is not entirely clear, it appears that Talley would like this Court to order the defendants in the underlying district court case (D.N.J. Civ. No. 04–cv–01146) to "show cause" for their refusal to comply with a district court order and for their motion for sanctions (which the District Court granted).

Mandamus is an appropriate remedy in extraordinary circumstances only. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.2005). Traditionally, it has "been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Madden v. Myers,* 102 F.3d 74, 77 n. 3 (3d Cir.1996) (citing *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)). To obtain a writ of mandamus, the petitioner must establish that he has "no other adequate means to attain ... relief," and that he has a "clear and indisputable" right to issuance of the writ. *In re Diet Drugs,* 418 F.3d at 378–79. Talley has not established that he has a "clear and indisputable" right to the relief he requests, and we will thus deny the petition.

Furthermore, if Talley is actually attempting to appeal from the District Court's July 10, 2007 order granting the defendants' motion for sanctions and/or its September 6, 2007 order granting the defendants' motion for costs and attorneys' fees, we first note that a petition for mandamus "must not be used as a mere substi-tute for appeal." *Madden,* 102 F.3d at 77 (internal citation omitted). Even if we did review the mandamus petition as an appeal, we would lack jurisdiction to consider it because it was not filed until June 3, 2008—long after the deadline for appealing from the orders had expired. *See* Fed. R.App. P. 4(a)(1); *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007).

Accordingly, we will deny Talley's petition.